IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGE SCHULLER,                         )
                                         )
                    Plaintiff,           )
                                         )
     v.                                  )     Case No. 25-2373-JWL
                                         )
COMPASS MINERALS                         )
   INTERNATIONAL, INC. and               )
THE COMPENSATION COMMITTEE OF            )
   THE BOARD OF DIRECTORS AS             )
   ADMINISTRATOR OF THE PLAN,            )
                                         )
                    Defendants.          )
                                         )
_____)

## **MEMORANDUM AND ORDER**

By Memorandum and Order of December 16, 2025, the Court granted defendants' motion to compel arbitration of Count I of plaintiff's first amended complaint, by which plaintiff seeks benefits under a severance plan; but it denied the motion to compel arbitration of Count II, in which plaintiff asserts a claim under ERISA, 29 U.S.C. § 1140, for unlawful interference with his rights under the benefit plan; and it denied the motion to compel arbitration of Count III, in which plaintiff asserts a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq. See Schuller v. Compass Minerals Int'l, Inc.*, 2025 WL 3640220 (D. Kan. Dec. 16, 2025) (Lungstrum, J.). Accordingly, the Court stayed litigation of Count I in this action pending the outcome of the arbitration of that claim; but it ordered supplemental briefs with respect to the request

by defendant Compass Minerals International, Inc. ("Compass") to stay litigation of Counts II and III as well. *See id.* at *7. The Court now, in its discretion, grants that request, and it hereby stays litigation of all claims pending the arbitration of the claim asserted in Count I.

> The parties agree that the Court's inquiry is governed by the following standard:
>
> Stay of the entire proceeding is appropriate when resolution of the arbitrable claim will have a preclusive effect on the nonarbitrable claim or when the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit. The mere fact that piecemeal litigation results from the combination of arbitrable and nonarbitrable issues is not reason enough to stay the entire case.

*See Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191 (10th Cir. 2009) (citations and internal quotations omitted) (quoting *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998)).

Compass argues that the arbitration of plaintiff's claim for benefits may have a preclusive effect in the litigation of Counts II and III because the arbitration will decide whether plaintiff suffered a "qualifying termination" or was terminated "for cause," which factual issue will also be relevant to the other claims. Plaintiff argues in response that the arbitration will not be dispositive of the other claims because those claims require proof of other elements, such as motive or intent, and because defendants could be found unlawfully to have interfered or discriminated even if the termination was for cause. Plaintiff has *not* disputed, however, that whether the termination was for cause will be relevant in the litigation of the other claims and thus that the arbitrator's finding on that issue could have preclusive effect. After all, as Compass points out, plaintiff has alleged in Count II that

2

Compass unlawfully interfered with his rights under the benefit plan by "falsely" claiming that his termination was for cause as defined by the plan; and he has alleged in Count III that Compass discriminated against him based on his age by denying him benefits to which he was entitled under the benefits plan. Thus, plaintiff's pleading has put his entitlement to benefits under the plan – the subject of the arbitration – directly at issue in the claims he has asserted in Counts II and III.

The Court therefore concludes that there is a substantial likelihood that the arbitration will have a preclusive effect with respect to the litigation of the nonarbitrable claims asserted in Counts II and III, and that a stay will serve judicial efficiency and best mitigate the risk of inconsistent findings that could result absent a stay. Moreover, plaintiff has not identified any specific prejudice (other than the mere fact of a delay) that would result from a stay here. Accordingly, the Court concludes in its discretion that a stay of all claims in this action is appropriate, and it therefore orders such a stay.

IT IS THEREFORE ORDERED BY THE COURT THAT litigation of all claims in this action is hereby stayed pending the parties' arbitration of plaintiff's claim for benefits under Count I of the amended complaint. The parties shall notify the Court when that arbitration is completed; and if the arbitration is not completed by July 22, 2026, the parties shall file a status update by that date.

IT IS SO ORDERED.

Dated this 22nd day of January, 2026, in Kansas City, Kansas.

                                          /s/   John W. Lungstrum
                                          Hon. John W. Lungstrum
                                          United States District Judge